UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH R. CELLURA, *et al.*, | Case No. 3:24-cv-00395-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| DOUGLAS R. DOLLINGER, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Married Plaintiffs Joseph and Emelia Cellura (collectively, "Plaintiffs") sued Defendants Douglas R. Dollinger, the Law Offices of Douglas R. Dollinger, P.C. & Associates ("DDPC"), Michael F. Ghiselli, and Does 1-10 (collectively, "Defendants") in state court for defamation and settlement agreement violations. (ECF No. 1 at 17-19.) Defendants removed the case to this Court. (*Id.* at 1.) Plaintiffs now move to remand, primarily contending that Defendants have not met their burden to show the amount in controversy requirement is satisfied.[1] (ECF No. 4 ("Motion").) The Court will grant the Motion because Defendants fail to prove with legal certainty that the amount in controversy exceeds $75,000.

**II.    BACKGROUND**

Plaintiffs' suit arises from several conflicts with Defendants. The following allegations come from the Complaint (ECF No. 1 at 12-21) unless otherwise indicated.

ADMI is a corporation incorporated in Nevada. (*Id.* at 14.) Based on share certificates, Joseph Cellura holds 70% of the outstanding stock of ADMI, while Michael Ghiselli holds 30%. (*Id.* at 15.) However, Ghiselli and Dollinger represented to Cellura

---

[1]The Court reviewed Defendants' response (ECF No. 10) and Plaintiffs' reply (ECF No. 12).

and other third parties that the two of them controlled the majority of outstanding shares. (*Id.*) In response, Cellura filed a derivative action in the Second Judicial District Court of the State of Nevada. (*Id.*) Dollinger and Ghiselli sued both Joseph and Emelia Cellura in the United States District Court for the Southern District of New York, alleging that they controlled ADMI and that the Celluras "misappropriated ADMI assets." (*Id.*)

Additionally, Dollinger and DDPC represented the Celluras as legal counsel for "several years." (*Id.* at 15-16.) In December 2023, Dollinger and the Celluras executed a settlement where they agreed to a mutual release in exchange for payment to Dollinger. (*Id.* at 16.) The parties agreed under this settlement not to "disparage" one another to any third party, but Dollinger did so to Cellura's business associates. (*Id.*)

Finally, In August 2024, Dollinger, Ghiselli, and "perhaps others working at their direction," sent a defamatory email to the Celluras' daughter's dance teacher which alleged that the Celluras embezzled millions of dollars. (*Id.* at 17.) The email was sent through a "ghost" return address with a pseudonym, but only Ghiselli could have known the identity of the dance instructor based on his relationship with the Celluras. (*Id.*)

Based on these allegations, Plaintiffs allege claims for breach of contract, defamation per se and conspiracy to defame, and declaratory and injunctive relief. (*Id.* at 17-19.) In their Complaint, Plaintiffs allege that they have "been injured in an amount of no more than $74,000." (*Id.* at 18.) They presently move to remand, arguing that Defendants failed to meet their burden of establishing subject matter jurisdiction because the amount in controversy does not exceed $75,000. (ECF No. 4 at 1.)

**III.    DISCUSSION**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, U.S. CONST. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction and

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

The only relevant dispute is whether the amount in controversy requirement is met.[2] *See* 28 U.S.C. § 1332(a)(1) (stating that the amount in controversy must exceed $75,000, exclusive of interests and costs). "[T]he amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted). If the complaint specifies the amount sought in damages, remand is warranted if it appears to a legal certainty that the amount in controversy is less than the jurisdictional minimum.[3] *See, e.g.*, *Abrego*, 443 F.3d at 683 n.8; *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Defendants bear the burden of proof. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citing *Gaus*, 980 F.2d at 566-67).

Here, Plaintiffs allege "no more than $74,000 in damages." (ECF No. 1 at 18.) Defendants removed based on their assertion that that the sum of Plaintiffs' alleged $74,000 in damages, plus interest and legal fees, exceeds $75,000. (*Id.* at 7.) Plaintiffs contend that removal was improper because Defendants produced no facts or evidence that establish with legal certainty that Plaintiffs' damages will exceed $75,000. (ECF No. 4 at 4-5.) In their response, Defendants make several arguments, including that attorneys' fees "are likely to exceed $25,000," potential punitive damages could "push the amount

---

[2]The parties do not dispute that there is complete diversity of citizenship. (ECF Nos. 1 at 7; 4 at 2-3.) In the Motion, Plaintiffs contend that this matter does not raise a federal question because their claims of breach of contract, defamation per se, and declaratory and injunctive relief "arise[] exclusively and explicitly under Nevada state and common law." (ECF No. 4 at 5-6.). Defendants do not address the federal question jurisdiction argument in their response (ECF No. 10). The Court accordingly finds that the only relevant question concern diversity jurisdiction, specifically whether the amount in controversy requirement is satisfied.

[3]Defendants argue that the preponderance of evidence standard should be used instead. (ECF No. 10 at 4.) However, the preponderance of evidence standard only applies when the damages sought in a complaint are uncertain or ambiguous. *See, e.g.*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 n.8 (9th Cir. 2006) ("In this circuit, [the preponderance of evidence] standard applies only if the state court complaint does not specify the amount sought as damages.") This standard does not apply here because Plaintiffs specifically claim no more than $74,000. (ECF No. 1 at 18.)

in controversy well over $75,000," the financial impact of injunctive relief "could easily exceed $75,000," and harm to Defendants' business and reputation "will likely exceed $75,000." (ECF No. 10 at 4-7.) As explained below, the Court finds that Defendants have not met their burden of proving to a legal certainty that the amount in controversy has been met. The Court addresses Defendants' categories of damages and costs that Defendants contend bring the amount in controversy from $74,000 to above $75,000 in turn.

### A.   Attorneys' Fees

Attorneys' fees may be considered part of the amount in controversy if a statute authorizes fees to a successful litigant. *See Pereza v. Progressive Direct Ins. Co.*, No. 2:15-cv-77-JCM-VCF, 2015 WL 1549270, at *2 (D. Nev. Apr. 8, 2015) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)). The removing party must "(1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Henson v. Freedom Life Ins. Co. of Am.*, No. 3:21-cv-235-LRH-CLB, 2021 WL 3216466, at *4 (D. Nev. July 29, 2021) (quoting *Hannon v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1623-GMN-NJK, 2014 WL 7146659, at *2 (D. Nev. Dec. 12, 2014)). Defendants fail on both fronts. First, while they correctly state that attorneys' fees may be included in the amount in controversy (ECF No. 10 at 5), they do not cite an applicable fee-shifting statute. They also do not provide any information regarding the time needed for the case or hourly billing rates, opting instead to say no more than "attorney's fees are likely to exceed $25,000." (*Id.*) This imprecise number does not provide the Court with legal certainty that attorneys' fees would push the amount in controversy above the jurisdictional threshold because it is based exclusively on speculation.

### B.   Punitive Damages

The Court also rejects Defendants' argument that the amount in controversy requirement is met through punitive damages. (*Id.* at 6.) They argue that punitive damages could "push the amount in controversy well over $75,000" because they are

4

Case 3:24-cv-00395-MMD-CLB   Document 14   Filed 10/29/24   Page 5 of 6

often awarded in defamation per se cases and can be "substantial." (*Id.*) However, "the mere possibility of an award of attorney's fees or punitive damages is not sufficient to prove that the amount in controversy has been met." *Polanski v. US Bank N.A.*, No. 3:11-cv-0356-LRH-VPC, 2011 WL 2600496, at *1 (D. Nev. June 29, 2011). Moreover, Defendants contend this argument is "supported by case law," but submit no such analogous cases. (ECF No. 10 at 6.) A speculative number that is not supported by specific and relevant case law cannot prove to a legal certainty that the amount in controversy has been met.

### C. Injunctive Relief and Future Damages

Finally, Defendants argue that the economic impact of complying with injunctive relief or future reputational harm each have the possibility of exceeding $75,000. (ECF No. 10 at 6.) To support these arguments, Defendants cite only one case: *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010). They say that the case supports their argument because it confirmed "the value of injunctive or declaratory relief is measured by the financial burden or impact on either party, not just the plaintiff," and that "courts should consider ongoing and future damages when determining whether the amount in controversy is met." (ECF No. 10 at 5-6.) The Court does not read it this way; *Geographic Expeditions, Inc.* does not say what Defendants claim it does and is irrelevant to the present matter.[4] Once again, Defendants' claims are far too speculative to meet the legal certainty standard because they provide no specific information that demonstrates how either complying with injunctive relief or future reputational harm will exceed $75,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is . . . not a prospective assessment of defendant's liability.").

---

[4]*Geographic Expeditions* does analyze an amount in controversy dispute but is inapplicable here because the analysis in it focuses instead on the question of whether the preponderance of evidence standard should apply when "a party files a petition in federal court to compel arbitration, even when the opposing party is suing the federal petitioner in state court." *Geographic Expeditions*, 599 F.3d at 1107.

5

In sum, Defendants do not prove with legal certainty that the amount in controversy exceeds $75,000 because they only speculate what the amount may be.[5] The Court will therefore grant the Motion.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' motion to remand (ECF No. 4) is granted. This action is remanded to the Second Judicial District Court for Washoe County.

The Clerk of Court is directed to close this case.

DATED THIS 29th Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5] Even if the Court applied the Defendants' preferred preponderance of evidence standard, litigants are still required to proffer "summary-judgment-type evidence" and Defendants did not. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)).